UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ART BICE, ET AL. | CIVIL ACTION |
| VERSUS | NO. 14-1155 |
| BP EXPLORATION & PRODUCTION, INC., ET AL. | SECTION: D (1) |

## ORDER & REASONS

Before the Court is a Motion to Disqualify and/or Recuse District Court Judge Wendy Vitter, filed by the Plaintiffs, Art Bice, Dae Bice, and Minor Bice.[1] Defendants, BP Exploration & Production, Inc., BP America Production Company, BP p.l.c., Halliburton Energy Services, Inc., Transocean Offshore Deepwater Drilling, Inc., Transocean Holdings, LLC, Transocean Deepwater, Inc., and Triton Asset Leasing GmbH (collectively, "Defendants"), oppose the Motion.[2] After careful consideration of the parties' memoranda and the applicable law, the Motion is **DENIED.**

---

[1] R. Doc. 66. In the instant Motion, Plaintiffs assert that the undersigned should be disqualified under 28 U.S.C. § 455(a) because the undersigned's spouse's role as a member of Congress and subsequent lobbying activities give rise to an appearance of impropriety in favor of the oil and gas industry. R. Doc. 16-1 at pp. 2–11, 14–19. Plaintiffs also claim that recusal is warranted under 28 U.S.C. § 455(b)(5) because the undersigned and her spouse have a financial interest that may be substantially affected by the outcome of the Deepwater Horizon litigation. *Id.* at pp. 19–20. While not a model of clarity, Plaintiffs appear to argue that disqualification is warranted under 28 U.S.C. § 455(b)(5) because the undersigned's spouse lobbies on behalf of other petrochemical companies and, thus, "there is substantial support that your Honor and spouse have a significant financial interest in [the] petrochemical industry." *Id.*

[2] R. Doc. 68. BP opposes the Motion, arguing that this Court already considered and rejected Plaintiffs exact arguments in *Smith v. BP Expl. & Prod.*, No. 22-842, 2022 WL 17403568 (E.D. La. Dec. 2, 2022). BP asserts that the reasoning in that case "mandate the same result here." R. Doc. 68 at p. 3. BP also argues that the Motion is untimely because the purported grounds for disqualification—however specious—have been publicly available for many years. *Id.* at pp. 3–4.

I.   **BACKGROUND & ANALYSIS**

On October 31, 2022, Plaintiffs filed a Notice of Filing,[3] alerting the Court that counsel for Plaintiffs had filed a Motion to Disqualify and/or Recuse District Court Judge Wendy Vitter in a separate "B3" oil spill case, *Smith v. BP Exploration, Inc.*[4] On December 2, 2022, this Court issued an Order denying the Motion to Disqualify the undersigned in the *Smith* case.[5]  In short, the undersigned did not find it appropriate or necessary to recuse herself from any and all matters arising from the 2010 *Deepwater Horizon* oil spill, explaining that the plaintiff "raise[d] no compelling or persuasive grounds for disqualification," and that plaintiff's disqualification motion "appears to be an attempt to manipulate the integrity of the judicial system."[6]

Plaintiffs have now filed a nearly identical Motion to Disqualify in this case, arguing again that the undersigned should disqualify herself from all *Deepwater Horizon* litigation and raising the exact same grounds for recusal that this Court rejected not two weeks prior.[7]  Indeed, Plaintiffs' memoranda in support of their Motion is word-for-word the same as their memoranda in *Smith*.[8]  Moreover, Plaintiffs make no mention of the Court's prior ruling in *Smith*, despite the obvious relevance, nor do Plaintiffs attempt to distinguish *Smith* in any way.[9] Further, the

---

[3] R. Doc. 65. As the Plaintiffs explained in their Notice, the Motion to Disqualify filed in *Smith*, like the one filed here, is not plaintiff-specific and "affects all matters pending before [the undersigned] arising out of the BP Deepwater Horizon litigation." *Id.*
[4] No. 22-cv-842, R. Doc. 16 (E.D. La. Oct. 25, 2022).
[5] No. 22-cv-842, R. Doc. 25 (E.D. La. Dec. 2, 2022).
[6] *Id.* at p. 10.
[7] R. Doc. 66.
[8] *Compare* R. Doc. 66-1 *with Smith*, No. 22-cv-842, R. Doc. 16-1 (E.D. La. Oct. 25, 2022).
[9] The Court would be remiss not to remind counsel of its ethical obligation to cite authority which is adverse to the position it is taking. Louisiana Rules of Pro. Conduct r. 3.3(a)(2) (2018).

Court is unaware of any development in the last few weeks that undermines that Court's position in *Smith* affirming that the undersigned could act fairly and impartially in all *Deepwater Horizon*-related matters. Plaintiffs' Motion, it appears, is little more than a motion for reconsideration of the Court's Order in *Smith*, and a frivolous one at that.

Accordingly, for the reasons articulated at length in the *Smith* Order and because the Court finds no reason to disturb its conclusion in *Smith* that it "would be improper for the undersigned to disqualify herself,"[10] and, importantly, because there is no actual conflict of interest or appearance of impropriety, the Court **DENIES** the present Motion to Disqualify.

## II.   CONCLUSION

A judge has an affirmative duty not to disqualify herself unnecessarily. Because the Plaintiffs raise no compelling or persuasive grounds for disqualification here, and, importantly, because the undersigned can perform her duties in this matter fairly, impartially, and diligently, it is unnecessary and, indeed, would be improper for the undersigned to disqualify herself.

Accordingly, **IT IS HEREBY ORDERED** that the Motion to Disqualify and/or Recuse District Court Judge Wendy Vitter (R. Doc. 66) is **DENIED.**

New Orleans, Louisiana, December 22, 2022.

**WENDY B. VITTER**
**United States District Judge**

---

[10] *Smith*, No. 22-cv-842, R. Doc. 25, at p. 10 (E.D. La. Dec. 2, 2022).